ORIGINAL



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EURENERGY RESOURCES CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:05-CV-2495-M |
| CBM ENERGY LIMITED, RAYMOND PILCHER, ERNEST E. COOK, RAVEN RIDGE RESOURCES, INC., and ROBERT A. CUSHMAN, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are (1) the Motion to Dismiss of Defendants Raymond Pilcher, Ernest E. Cook, Raven Ridge Resources, Inc. and Robert A. Cushman, filed February 2, 2006, and (2) Plaintiff's Motion to Remand, filed February 15, 2006. The Court **DENIES** the Motion to Dismiss, and **GRANTS** the Motion to Remand.

### FACTUAL BACKGROUND

This case involves a project to explore and develop natural gas resources located in the Republic of Bulgaria. The Bulgarian government granted CBM Energy Limited ("CBM") a license to explore and develop a specific basin in Bulgaria. CBM sought additional financing for this project, and signed a Joint Development Agreement ("JDA") with Eurenergy Resources Corporation ("Eurenergy"). CBM alleges that Eurenergy breached numerous provisions of the JDA.

On December 19, 2005, Eurenergy filed suit in the 101st District Court of Dallas County, Texas, to compel arbitration under the JDA, naming CBM, Raymond Pilcher, Ernest E. Cook,

Raven Ridge Resources, Inc. ("Raven Ridge"), and Robert A. Cushman as defendants. Eurenergy sought and obtained a temporary restraining order from the state court, prohibiting all defendants from interfering with Plaintiff's rights under the JDA and from interfering with the completion of a specific well in Bulgaria. On December 21, 2005, the defendants removed the case to this Court.

On December 30, 2005, this Court held a hearing, at which CBM and Eurenergy informed the Court that they agreed to arbitrate their dispute before the ICC International Court of Arbitration. The Court stayed the claims between CBM and Eurenergy, and dissolved the temporary restraining order. The remaining defendants – Pilcher, Cook, Raven Ridge, and Cushman (hereinafter "Defendants") – expressly reserved their right to challenge their obligation to participate in any arbitration.[1]

Defendants filed a Motion to Dismiss on January 26, 2006, arguing that they could not be compelled to participate in the arbitration between CBM and Eurenergy, because none of them are signatories to the JDA or any other agreement to arbitrate. On February 15, 2006, Eurenergy filed its Response, admitting that there was no legal or factual basis for compelling the Defendants to participate in the arbitration between CBM and Eurenergy. On February 15, 2006, Eurenergy filed a Motion to Remand, which Defendants opposed. Also, on February 15, 2006, Eurenergy filed an unopposed Motion for Leave to Amend its Complaint, to add its state law claims against Defendants.[2] The Court granted that Motion on April 28, 2006. Plaintiff now

---

[1] CBM and Eurenergy had each filed a Request for Arbitration with the International Court of Arbitration. CBM's Request included only CBM and Eurenergy; Eurenergy's Request included CBM, Eurenergy, and Defendants.

[2] The Motion to Amend sought to assert new claims only against Defendants, not CBM.

asserts claims against Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and business disparagement.

## ANALYSIS

Plaintiff no longer asserts any claim that would compel Defendants to participate in arbitration. Therefore, the Court **DENIES** Defendants' Motion to Dismiss as moot.

Plaintiff argues that the Court should remand its claims against Defendants, contending that because Plaintiff maintains its principal place of business in Texas, and Cook is a Texas resident, there is incomplete diversity between the parties, and the Court does not have original jurisdiction. In response, Defendants argue that Plaintiff improperly joined Cook, and that, therefore, the Court has diversity jurisdiction.[3] Alternatively, Defendants argue that the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

*1. Improper Joinder*[4]

As the party claiming a federal forum, Defendants bear the burden of proving a basis for subject matter jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). By arguing that the Court's subject matter jurisdiction is based on diversity of citizenship, Defendants must prove that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." 28 U.S.C. § 1441(b). The Court evaluates all of the factual allegations in Plaintiff's Complaint in the light most favorable

---

[3]Neither party argues that the Court has original federal question jurisdiction over these claims.

[4]The Fifth Circuit has adopted the term "improper joinder" rather than "fraudulent joinder". *McDonal v. Abbott Labs.*, 408 F.3d 177, 180 n.1 (5th Cir. 2005). There is no substantive difference between the two terms. *Id.*

to Plaintiff, and resolves all contested issues of substantive fact in its favor. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *see also Brewer v. Porsche Cars N. Am., Inc.*, 3:04-CV-2343-M, 2005 U.S. Dist. LEXIS 1759, at *3 (N.D. Tex. Feb. 7, 2005) (Lynn, J.).

To defeat Plaintiff's Motion to Remand by proving that Cook's presence in this case is the product of improper joinder, Defendants must demonstrate either: (1) outright fraud in Plaintiff's pleading of jurisdictional facts, or (2) that, as a matter of law, Plaintiff will be unable to establish a cause of action against Cook. *Travis v. Irby*, 326 F.3d 644, 646 (5th Cir. 2003).

Defendants do not allege that Plaintiff fraudulently pleaded any jurisdictional facts; therefore, the Court's inquiry is limited to whether Defendants can prove that there is no "reasonable basis" for predicting that state law would allow Plaintiff to recover against Cook. *See Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2000). The court is not to decide whether the plaintiff will actually or even probably prevail on the merits against the defendants, but only looks for a possibility that it may do so. *See Cavallini*, 44 F.3d at 259. Defendants bear the burden of proving the alleged improper joinder by clear and convincing evidence. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1991).

Defendants argue that there is no reasonable basis for predicting that Texas state law would allow Plaintiff to recover against Cook. The Court disagrees. Specifically, the Court addresses Plaintiff's claim of tortious interference with contract. In Texas, the elements of tortious interference with a contract are: (1) the existence of a contract or business relationship subject to interference; (2) the occurrence of an act of interference that was willful and intentional; (3) an action constituting a proximate cause of the claimant's damage; and (4) the incurring of actual damage or loss. *See Baty v. Protech Ins. Agency*, 63 S.W.3d 841, 856-57 (Tex. App. -- Houston [14th Dist.] 2001, pet. denied); *see also Roehrs v. Conesys, Inc.*, 3:05-CV-

829-M, 2005 U.S. Dist. LEXIS 33295, at *14 (N.D. Tex. Dec. 14, 2005) (Lynn, J.). The crux of Defendants' argument is that Plaintiff has not sufficiently articulated how it alleges that Cook is liable for tortious interference.[5] "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Id.* Here, Defendants do not argue that there is no possibility that Plaintiff could prevail against Cook; rather, Defendants argue that Plaintiff has not pleaded sufficient detail to support his claim. In light of *Swierkiewicz, Badon*, and *Dodson*, the Court holds that Defendants have not proven, by clear and convincing evidence, that there is no "reasonable basis" for predicting that state law would allow Plaintiff to recover against Cook. Defendants' argument of improper joinder fails. The Court finds that it has neither federal question jurisdiction nor diversity jurisdiction over these claims.

*2. Supplemental Jurisdiction*

Defendants urge that this Court should exercise supplemental jurisdiction over Plaintiff's claims against Defendants. Defendants argue that this Court has jurisdiction over these claims by virtue of 28 U.S.C. § 1367(a).[6] Even where § 1367(a) applies, a court may decline to exercise

---

[5] Defendants argue that Plaintiff fails to (1) identify any specific actions of interference committed by Cook, (2) identify when such actions of interference took place, (3) demonstrate that Cook's alleged actions were motivated solely by his own personal interests; and (4) show that CMB lodged any objections to Cook's alleged actions.

[6] § 1367(a) states: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original

supplemental jurisdiction under § 1367(c)(2)[7] if "the claim[s] substantially predominate[] over the claim or claims over which the district court has original jurisdiction".

In their Notice of Removal, Defendants and CBM argued that the Court had subject matter jurisdiction because the case involved claims arising under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, *et seq.*, (the "Convention") and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"). The Defendants argue that the remaining claims against Defendants – for tortious interference with contract, conspiracy to commit tortious interference with contract, and business disparagement – "do not substantially predominate over the claims over which the Court has original jurisdiction – the arbitrability of the dispute between CBM and Eurenergy." Defs. Resp. at 6. The Court disagrees. Plaintiff's First Amended Complaint does not include any claims against the Defendants based on the Convention or the FAA, and the Court stayed the Convention and FAA claims against CBM. If the Court retained the state law claims, these claims would be the only claims active before the Court. As a result, the Court finds that the state law claims against Defendants substantially predominate over the claims over which the Court has original

---

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

[7] § 1367(c) states: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

jurisdiction, and thus the Court declines to exercise supplemental jurisdiction over those state law claims. The Court **REMANDS** to the 101st Judicial District Court, Dallas County, Texas, Plaintiff's claims against Defendants for tortious interference with contract, conspiracy to commit tortious interference with contract, and business disparagement.

## CONCLUSION

For the reasons stated in this Memorandum Opinion and Order, the Court **REMANDS** to the 101st Judicial District Court, Dallas County, Texas, all of Plaintiff's claims against Raymond Pilcher, Ernest E. Cook, Raven Ridge Resources, Inc., and Robert A. Cushman.

**SO ORDERED.**

May 1, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS